IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GEORGE BOLLING, JR. #308-026, : | |
|     Petitioner : | |
| : | |
| v. : | CIVIL ACTION NO. AMD-05-750 |
| : | |
| JON P. GALLEY and J. JOSEPH CURRAN, : | |
| JR., ATTORNEY GENERAL, : | |
|     Respondents : | |

..o0o..

MEMORANDUM

This matter is before the court on George Bolling, Jr.'s pro se application for a writ of habeas corpus under 28 U.S.C. §2254. Petitioner challenges his 2002 conviction in the Circuit Court for Wicomico County for possession of a controlled dangerous substance with intent to distribute. Respondents have filed an answer and exhibits seeking dismissal of the petition as time-barred. Paper No. 5. Petitioner has filed a reply in opposition. Paper No. 8.

The court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.* For the reasons that follow, the petition will be dismissed as untimely under 28 U.S.C. §2244(d)(1).

I. Procedural History

On May 2, 2002, petitioner pleaded guilty to possession of a controlled dangerous substance with intent to distribute and was sentenced to a term of eight years incarceration dating from January 24, 2002. Petitioner sought leave to appeal. In an unreported opinion filed on December 19, 2002, the Court of Special Appeals of Maryland summarily denied leave to appeal. The mandate issued on January 21, 2003.

On May 3, 2003, Petitioner commenced state post conviction proceedings in the Circuit Court for Wicomico County, alleging ineffective assistance of trial counsel, i.e., failure to file a

motion for modification /reduction of sentence. Upon consideration of a joint motion of the parties to resolve the post conviction proceeding by stipulation, the court issued an order granting the motion and granting petitioner the right to file a belated motion for modification of sentence "without prejudice to his right to raise any post conviction issues which may become evident after the final disposition of said Motion." Paper No. 5, Exhibit 7.

On May 3, 2004, petitioner again sought post conviction relief in the Circuit Court for Wicomico County. He claimed that his guilty plea was not entered knowingly and voluntarily due to ineffective assistance of counsel. Specifically, he alleged counsel had advised him that his sentence would be no longer than four years, when in fact, it was eight. The post conviction court denied the petition, ruling:

> The joint motion and stipulation and the order entered pursuant thereto (which was filed with the motion) provided that the granting of leave to file a belated motion for modification was without prejudice "to raise any postconviction issues which may become evident after final disposition of the Motion [to modify]." The motion does not allege that the asserted grounds became evident only after the disposition of the motion to modify and the nature of the issues asserted is such that they would have been known before the prior stipulation.

Paper No. 5, Exhibit 10.

Through counsel, petitioner sought leave to appeal to the Court of Special Appeals of Maryland, contending that the post conviction court had erred in denying post conviction relief without holding a hearing and that the petition for relief should have been reviewed as if it were the first he had filed. On November 29, 2004, the Court of Special Appeals declined review. The mandate issued on December 29, 2004. Petitioner's subsequent petition for certiorari was denied by the Court of Appeals of Maryland on February 11, 2005. *See Bolling v. State*, 265 Md. 162 (2005) (table).

II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging non-capital state convictions. *See* 28 U.S.C. § 2244(d).[*] This one-year period is tolled, however, while properly filed post conviction proceedings are pending, and it may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

III. Analysis

The instant petition is dated March 14, 2005. Paper No. 1. The court will assume for the purposes of this decision that it was delivered to prison officials and therefore filed the same day. *See Houston v. Lack,* 487 U.S. 266 (1988); *United States v. Dorsey,* 988 F. Supp. 917, 919-20 (D.

---

[*]This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

Following issuance of the appellate mandate on January 23, 2003, Petitioner had no right to seek further state court review of his case. *See* Md. Code Ann., Cts. & Jud. Proc. Art., §12-202 (2002 Repl. Vol.). Petitioner's conviction became final for the purpose of starting the period of limitations after the expiration of the 90-day period allowed to file a petition for certiorari in the United States Supreme Court. *See* 28 U.S.C. §2244(d)(1)(A); S. Ct. Rule 13.1. Therefore, the one-year statute of limitations began to run on April 23, 2003. Petitioner did not have any state post conviction proceedings pending during the following periods: April 23, 2003 through May 2, 2003 (9 days); June 21, 2003 through May 2, 2004 (317 days); and December 30, 2004 through March 13, 2005 (74 days). In sum, a period of more than one year (i.e., 400 days) elapsed between April 23, 2003, when the one- year period commenced, and the filing of the instant petition for federal habeas relief on March 14, 2005. Accordingly, the petition is untimely.

In this case, petitioner neither asserts, nor do the pleadings suggest, any circumstances that would justify equitable tolling. To be entitled to equitable tolling, petitioner must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. *See Rouse v. Lee,* 339 F. 3d 238, 246 (4th Cir. 2003); *Harris,* 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

Petitioner's reply suggests that he may not have understood how the date on which judgment became final and the one-year period of limitations started to run are calculated under 28

U.S.C. §2244(d)(1). Paper No. 8. This does not amount to extraordinary circumstances warranting equitable tolling. *Id.* (citing *Barrow v. New Orleans S.S. Ass'n*, 51 F.3d 254, 257 (Fed Cir. 1995) (refusing to apply equitable tolling where the delay in filing was result of plaintiff's unfamiliarity with the legal process)).

IV. Conclusion

       For the reason set forth, the petition for federal habeas corpus relief will be denied and dismissed by separate order.

                                                    /s/
                                          Andre M. Davis
                                          United States District Judge